UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re<br>SPOKANE RACEWAY PARK, INC.<br><br>                    DEBTOR.<br>_____<br>JOHN MUNDING, in his capacity as Chapter 11 Trustee and on behalf of Spokane Raceway Park, Inc., as Debtor,<br><br>                    Appellee,<br><br>    v.<br><br>ORRVILLE MOE, an individual,<br><br>                  Appellant. | NO. CV-10-0106-LRS<br><br>(Bankruptcy Case No. 06-01966-PCW11; Adversary No. 07-80100)<br><br><br>**ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL** |

    BEFORE THE COURT is Appellee's Motion to Dismiss Appeal and Motion to Expedite (Ct. Rec. 15) filed July 19, 2010. On July 23, 2010, the Court granted the motion to expedite portion of the motion and set a briefing schedule for Appellee's motion to dismiss.

    The motion to dismiss filed by Appellee arises principally from Appellant's alleged failure to comply with the applicable Rules of Appellant Procedure, causing substantial harm to the estate and its creditors. More specifically, Appellee argues that Appellant failed to

ORDER ~ 1

comply with FRBP 8009 and LR 83.5(b)(3)(b). Appellee urges this Court to dismiss this appeal due to Appellant's failure to follow applicable rules of appellate procedure, failure to follow Court Orders, and failure to identify a single issue of error to justify supporting his actions in filing this appeal. Ct. Rec. 22.

Appellant responds that he has five appeals pending before the United States District Court, Eastern District of Washington, including this appeal. This includes one appeal pending before the Honorable Judge Robert H. Whaley (Case No. CV-10-066-RHW), an appeal pending before the honorable Judge Rosanna M. Peterson (Case No. CV-10-146-RMP), and two appeals pending before the Honorable Judge Justin L. Quackenbush (Case no. 09-0358-JQJ and Case No. 09-0379-JLQ). Appellant indicates that he is awaiting a decision based on his motion for the Court to approve the removal of the Bankruptcy case (from which all these appeals purportedly stem) in Case No. CV-10-146-RMP. Appellant recognizes he should have filed his Brief in this case within 40 days or by July 12, 2010, but states the reason for the delay lies in the reliance on anticipation of an early ruling in Judge Peterson's case. As Appellee has noted in the reply brief filed herein (Ct. Rec. 22), Appellant's response utterly fails to address the underlying procedural or substantive reasons for the appeal.

The Court finds that the motion to dismiss should be granted. The primary argument of appellant's counsel is that he is waiting to see how other judges rule within this district on other filed cases. Counsel for Appellee indicates that the Order Confirming the Plan of Reorganization ("Order Confirming Plan") was entered on March 16, 2010.

ORDER ~ 2

By filing this appeal, Appellant has delayed distribution to creditors over four months because the transfer payment will not be made until the Order Confirming plan becomes final and is not subject to appeal. Appellee relates that the creditors have been waiting over four years for payment of allowed claims since Spokane Receway Park filed for Chapter 11 Bankruptcy. Finally, administrative claims continue to increase dramatically as a result of having to respond to meritless appeals.

Dismissal is within the district court's sound discretion. *Telesphere Communications, Inc. V. 900 Unlimited, Inc.*, 177 F.3d 612, 616 (7th Cir.1999). Among the matters to be considered are the danger of prejudice to the debtor, the length of the delay and its potential impact on the bankruptcy proceedings, and the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Court concludes that Appellant has failed to meet deadlines in the bankruptcy court and has attempted to justify the delay with reasons that are not meritorious and have resulted in an unnecessarily prolonged bankruptcy proceeding. Considering the critical factors set forth in *Pioneer*, the Court finds for Appellee. Additionally, equitable considerations do not favor continuation of this appeal in light of the history of this litigation. Accordingly,

**IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss Appeal and Motion to Expedite, **Ct. Rec. 15**, is **GRANTED.** It is further ordered that the case be remanded to the Bankruptcy Court for further proceedings.

**IT IS SO ORDERED.** The District Court Executive is directed to enter

ORDER ~ 3

1 this order, provide copies to counsel and the Clerk of the
2 Bankruptcy Court, and close this file.
3     **DATED** this ___3rd___ day of September, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

ORDER ~ 4